RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting:
Men at some time are masters of their fates: The fault, dear Brutus, is not in our stars, But in ourselves....
William Shakespeare, Julius Caesar, act 1, sc. 2, 1.134 (1599).
We have met the enemy and he is us. Walt Kelly, Pogo (ca. 1950).
Certainly, courts are masters, in large part, of their fate. In this instance, however, we appear to be working, without legal justification, against ourselves. The judicial process at trial must not be obstructed; the trial judge must ensure that it is not. Accordingly, much discretion is vested in the judge. The reasons are obvious; they are illumined by increasing lawyer incivility and lack of professionalism. Such obstruction cannot be tolerated. And, when it becomes contemptuous, it must be handled swiftly. To my lights, that is precisely what happened here.
Not much need be said. The majority notes that “[t]he disobedience of a specific court order can ... result in a criminal contempt conviction.” Maj.Op. slip opinion at *612 608. The district judge stated that Fawer was found in contempt for, inter alia, “his failure to obey the Orders of this Court....” Only one instance need be cited; Fawer’s stated refusal to pay a $200 fine by 6:00 p.m. the next day.
Unfortunately, the majority allows Fawer an out, concluding that he merely “stated his intention of not paying the fine” and “could not have disobeyed the court’s order unless he actually failed to pay the fine by 5 p.m. the next day.” Maj.Op. slip opinion at 608-09. It is a sad day indeed if this is the way we are going to shackle a district judge in ensuring that lawyers at trial do not obstruct the administration of justice. I was not aware that courts were required to allow lawyers time to think about whether they were going to obey a court order. Moreover, I understood that lawyers were always taken at their word; when Fawer stated that he would not pay the fine, that put an end to it. He “crossed the Rubicon”. That was his choice. And, for that choice, among his other actions, he was properly held in contempt.
Accordingly, I respectfully dissent.